FILED
MAY 29 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES CLARK, JR., individually and as )
Personal Representative of the Estate of )
Lenard Clark a/k/a Leon Clark )
3415 Greencastle Road )
Burtonsville, MD 20866 )
)
      Plaintiffs, )
)
v. )
)
THE DISTRICT OF COLUMBIA )
441 4th Street, N.W. )
Washington, DC 20001 )
)
      Defendant. )
_____)

Case: 1:07-cv-00985
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/29/2007
Description: Civil Rights-Non Employ

JURY ACTION

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant District of Columbia removes to this Honorable Court the above action from the Superior Court of the District of Columbia (C.A. No. 07-1603), filed on February 27, 2007, and allegedly served on defendant on April 27, 2007.

Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties. See 28 U.S.C. § 1441(b). In paragraphs 17 through 19, the Complaint raises a federal question by asserting federal constitutional and civil rights claims.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by undersigned counsel in this matter are attached hereto and incorporated by reference herein.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

1

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Phillip A. Lattimore, III /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov


CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing notice of removal was mailed, postage prepaid, this   29th   day of May, 2007, to:

Ferris R. Bond, Esq.
Bond & Norman
P.O. Box 83699
Gaithersburg, MD 20883-3699

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE
Assistant Attorney General

2

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| JAMES CLARK, JR. individually and <br><br>Personal Representativ of the <br>Estate of Lenard Clark a/k/a Leon Clark <br>3415 Greencastle Road <br>Burtonsville, Maryland 20866 <br><br>Plaintiffs, <br><br>v. <br><br>THE DISTRICT OF COLUMBIA <br>Wilson Building <br>1350 Pennsylvania Avenue NW <br>Washington, D.C. 20004 <br><br>Serve: Mayor Adrian Fenty <br>and Attorney General for <br>the District of Columbia <br><br>Defendants. | CA _____ |



RECEIVED Civil Clerk's Office FEB 2 7 2007 Superior Court of the District of Columbia Washington, D.C.

0001603-07



# COMPLAINT

Comes now James Clark Jr., individually and the Personal Representative of the Estate of Lenard Clark a/k/a Leon Clark and complains of the District of Columbia, its Department of Corrections and its employees acting within the course and scope of their employment for the following reasons:

## I. JURISDICTION

1. This Court has jurisdiction pursuant to Article III, Section 1 of the United States Constitution, and D.C. Code 11-921.

2. This action arises under the of the United States Constitution, including the Eighth and Fourteenth Amendments and under the Laws of the District of Columbia as more fully set forth below.

## II. THE PARTIES

3. James Clark, Jr. is the father and sole heir of the decedent, Lenard Clark, a/k/a Leon Clark. His address is captioned above. The personal representative of the Estate of Lenard Clark, a/k/a Leon Clark sues on behalf of both the estate and James Clark, Jr. The Estate was opened in the probate division of this court and is

captioned Estate of Lenard Clark, a/k/a Leon Clark, Administration Number 0000226-07..

4. The District of Columbia, (hereinafter referred to as the "District") is a municipal corporation and employer of the other defendants. The District is sued both directly for its own unconstitutional and tortious conduct and vicariously for the unconstitutional and tortious conduct of its agents, officers and employees acting within the course and scope of their employment and under color of law and/or usage.

### III. STATUTORY NOTICE

5. Written notice was properly provided to the District, pursuant to D.C. Code Section 12-309 (1981) based upon the transaction and tortious conduct set out below.

### IV. BACKGROUND INFORMATION

6. The decedent Leon Clark was a resident of the District of Columbia.

7. From April 6, 2001 until his death on or about February 27, 2006, he was held in the District of Columbia Jail.

8. On or about February 26, 2006, Leon Clark became despondent and suicidal.

9. In part, on information and belief that condition was the result of actions by employees of the District of Columbia working within the course and scope of their employment.

10. On or about February 26, 2006, employees of the District of Columbia Jail were warned that Leon Clark was suicidal, depressed and in a highly disturbed mental status.

11. On or about February 27, 2006, the District of Columbia through its employees at the D.C. Department of Corrections, working in the course and scope of their employment with the defendant District of Columbia, caused the death of Leon Clark in that they were negligent in the following particulars, which negligence was the cause of the occurrence above described which occurrence was not caused by any negligent act on the part of the Decedent who as a result of his condition was incapable of caring for himself:

   a. They failed to examine and determine the extent of the decedent's mental condition;

   b. They failed to provide services by licensed health care providers to the decedent for his emotional condition when they knew or should have known that the decedent was emotionally disturbed and threatening to commit suicide;



    c.    They failed to monitor and check the condition of the decedent while he was in a jail cell when they knew or should have known that the decedent was emotionally disturbed and threatening to commit suicide;

    d.    They failed to provide the decedent with bedding materials such as tear away sheets and blankets which would have prevented the decedent form committing suicide;

    e.    They failed to take adequate steps to monitor the decedent's condition and safeguard him;

    f.    They failed to install sound or television monitoring devices to view the overhead bars which have been previously used as anchoring devices for suicide attempts.

    g.    They placed the decedent in a cell with overhead bars which have been previously used as anchoring devices for suicide attempts.

    h.    They failed to remove the overhead bars which have been previously used as anchoring devices for suicide attempts.

    i.    They failed to use reasonable care in protecting, housing, incarcerating and providing treatment to Lenard Clark, a/k/a Leon Clark.

    j.    They failed to insure that unauthorized persons had access to Lenard Clark, a/k/a Leon Clark.

12.    On or about February 27, 2006, Leon Clark was found hanging in his jail cell.

## COUNT I – WRONGFUL DEATH CLAIM AGAINST
## 16 District Of Columbia Code, Section 16-2701, et seq.

13.    Plaintiff, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

14.    As a direct and proximate result of the negligence of the District of Columbia through its employees acting within the course and scope of their employment, Lenard Clark also known as Leon Clark, who was at all times incapable of exercising reasonable care for his own safety, was caused to suffer severe physical injuries from which he expired, and the beneficiary under the Wrongful Death Act of the District of Columbia, his father, James Clark, Jr. has suffered the loss of future financial support by the Decedent, as well as gifts and other contributions which he might reasonably have expected to receive during his lifetime, and the estate of

the Decedent has thereby been diminished.

**WHEREFORE**, Plaintiff, James Clark, Jr., individually and the Personal Representative of the Estate of Lenard Clark also known as Leon Clark, demand judgment against the Defendant, District of Columbia, on behalf of the beneficiary under the District of Columbia Wrongful Death Act, 16 District of Columbia Code, Section 16-2701, James Clark, Jr. in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs.

### COUNT II – SURVIVAL CLAIM
### 12 District Of Columbia Code, Section 12-101, et seq.

15. Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

16. The Decedent, Lenard Clark, a/k/a Leon Clark, suffered multiple injuries in the occurrence above described resulting in pain, suffering, acute emotional distress, anxiety and fear and pecuniary loss which includes medical, hospital and physicians charges and funeral expenses and the amounts which Decedent would have earned over his lifetime thus diminishing his estate. The Estate of Lenard Clark, a/k/a Leon Clark thereby suffered damages in the amount of $ 1,000,000.00, besides costs.

**WHEREFORE**, Plaintiff, James Clark, Jr., individually and the Personal Representative of the Estate of Lenard Clark also known as Leon Clark, demand judgment against the Defendant, District of Columbia in the amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs.

### COUNT III
### (SURVIVAL ACTION CONSTITUTIONAL AND CIVIL RIGHTS VIOLATIONS)
### 12 District Of Columbia Code, Section 12-101, et seq.

17. Plaintiff repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein which constitute Constitutional and Civil Rights violations.

18. On or about February 27, 2006 the defendant District of Columbia through its employees in the D.C. Jail, , while acting under color of law and authority of the District, caused Lenard Clark, a/k/a Leon Clark, a citizen of the United States, to be subjected to deprivation of the following rights, privileges, and immunities

4

secured by the Constitution of the United States, 42 United States Code, Section 1983, 18 United States Code Section 241, 242 and 245, and D.C. Code Section 4-176 (1981):

a. The right of plaintiff to be free from infliction of cruel and unusual punishment;

19. The Decedent, Lenard Clark, a/k/a Leon Clark, suffered multiple injuries in the occurrence above described resulting in pain, suffering, acute emotional distress, anxiety and fear and pecuniary loss which includes medical, hospital and physicians charges and funeral expenses and the amounts which Decedent would have earned over his lifetime thus diminishing his estate. The Estate of Lenard Clark, a/k/a Leon Clark thereby suffered damages in the amount of $ 1,000,000.00, besides costs.

**WHEREFORE**, Plaintiff, James Clark, Jr., individually and the Personal Representative of the Estate of Lenard Clark also known as Leon Clark, demand judgment against the Defendant, District of Columbia in the amount of amount of **ONE MILLION DOLLARS ($1,000,000.00)**, plus costs and attorney's fees.

**PRAYER FOR JURY TRIAL**

Plaintiff demands trial by jury as to all issues.

Respectfully submitted,

Ferris R. Bond, Esquire #372607
Bond & Norman
Mailing Address
P.O. Box 83699
Gaithersburg, Maryland 20883-3699
Telephone (301) 590-2727
Cell (202) 423-3859
Fax (202) 207-2041
Email Ferrisbond@aol.com
Attorneys for Plaintiffs James Clark, Jr. and
The Estate of Lenard Clark a/k/a Leon Clark

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

| | |
|---|---|
| James Clark, Jr. et al | |
| *Plaintiff* | Civil Action No. 0001603-07 |
| vs. | |
| The District of Columbia / Serve Attorney General | 1350 Pa. Ave. NW / Washington, D.C. |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Ferris R. Bond, Esquire
Name of Plaintiff's Attorney

P.O. Box 83699
Address
Gaithersburg, MD 20883

202-423-3859
Telephone

By _____
Deputy Clerk

Date  5/27/07

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93        NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JAMES CLARK Jr
Vs.                                          C.A. No.       2007 CA 001603 B
THE DISTRICT OF COLUMBIA

## **INITIAL ORDER**

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                                   Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:   March 2, 2007
Initial Conference: 9:30 am, Friday, June 01, 2007
Location:  Courtroom 518
         500 Indiana Avenue N.W.
         WASHINGTON, DC 20001

Caio.doc

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

James Clark, Jr., individually and personal representative of the Estate of Lenard Clark a/k/a/ Leon Clark

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ferris R. Bond, Esq.
Bond & Norman
P.O. Box 83699
Gaithersburg, MD 20883-3699
(301) 590-2727

## DEFENDANTS

District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:07-cv-00985
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 5/29/2007
Description: Civil Rights-Non Employ

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ⦿ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ⦿ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1983 for alleged deprivation of rights secured by the Constitution, including right to be free from cruel and unusual punishment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 1,000,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5-27-07   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

29

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

