UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CLARK, JR., individually and as Personal Representative of the Estate of Lenard Clark a/k/a Leon Clark,<br><br>    Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br>441 4th Street, N.W.<br>Washington, DC 20001<br><br>    Defendant. | Civil Action No. 07-985 (CKK) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Defendant District of Columbia ("defendant"), through counsel, hereby responds to plaintiff's Complaint as follows.

### First Defense

#### Jurisdiction

1. Defendant acknowledges the article and statute cited in paragraph 1 of the Complaint but denies that jurisdiction is necessarily conferred thereby.

2. The allegations contained in paragraph 2 of the Complaint state plaintiff's theory of the case, to which no response is required; to the extent that a response is required, defendant denies all liability thereunder.

#### The Parties

3. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it is a municipal corporation. The remaining allegations contained in paragraph 4 of the Complaint state plaintiff's theory of the case, to which no response is required; to the extent that a response is required, defendant denies all liability thereunder.

5. Paragraph 5 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies that plaintiff necessarily provided proper written notice of his claim pursuant to D.C. Code § 12-309.

Background Information

6. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that during at least some of the relevant time period, the decedent Leon Clark was held in the District of Columbia Jail.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

Count I – Wrongful Death

13. Defendant incorporates by reference its responses to paragraphs 1-12 of the Complaint.

14. Paragraph 14 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations.

## Count II – Survival Claim

15. Defendant incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint.

## Count III - Survival Action Constitutional and Civil Rights Violations

17. Defendant incorporates by reference its responses to paragraphs 1-16 of the Complaint.

18. Paragraph 18 of the Complaint states conclusions of law or of the pleader to which no response is required; to the extent that a response is required, defendant denies the allegations.

19. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint.

Any allegations not expressly admitted are hereby denied.

## Second Defense

Plaintiff may have failed to mitigate his injuries and/or damages.

## Third Defense

Defendant is entitled to absolute immunity, qualified immunity, governmental immunity, and/or discretionary function immunity.

Fourth Defense

The actions of defendant, its agents, servants and employees were taken in good faith and with reasonable belief in their lawfulness.

Fifth Defense

If the plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of his own unlawful, wanton, willful or reckless conduct, sole or contributory negligence, and/or assumption of the risk.

Sixth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, such injuries or damages were the result of acts or omissions of a person or persons other than the District of Columbia or its agents, servants and employees acting within the scope of their employment.

Seventh Defense

Plaintiff may have failed to provide timely notice of his claim pursuant to D.C. Code § 12-309.

SET-OFF

The District of Columbia claims a set-off against any amounts awarded to plaintiff for the cost and value of any care, treatment, or services provided to him by the District of Columbia or its agencies.

JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

      Respectfully submitted,

      LINDA SINGER
      Attorney General for the District of Columbia

      GEORGE C. VALENTINE
      Deputy Attorney General, Civil Litigation Division


      /s/ Phillip A. Lattimore, III /s/
      PHILLIP A. LATTIMORE, III [422968]
      Chief, General Litigation Section III


      /s/ Carl J. Schifferle /s/
      CARL J. SCHIFFERLE [463491]
      Assistant Attorney General
      Suite 600S
      441 Fourth Street, N.W.
      Washington, D.C. 20001
      (202) 724-6624
      (202) 727-3625 (fax)
      Email:  carl.schifferle@dc.gov