UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES CLARK, JR., et al.,          )
                                   )
            Plaintiffs,            )
                                   ) Civil Action No. 07-985 (CKK)
        v.                         ) Next Court Event:
                                   ) Mediation 3/18/08
THE DISTRICT OF COLUMBIA,          )
                                   )
            Defendant.             )
                                   )

## CONSENT
## MOTION TO WITHDRAW AS COUNSEL OF RECORD, STAY PROCEEDINGS PENDING RE-OPENING OF ESTATE AND APPEARANCE OF NEW COUNSEL A AND TO EXTEND DISCOVERY
## WITH INCORPORATED MEMORANDUM

Come now  Ferris R. Bond and Jane Carol Norman, and pursuant to points and authorities outlined below move this Court for the entry of an order granting the following:

I.    Allowing them to withdraw as counsel for the plaintiff;
II.   Staying proceeding pending appointment of a new personal representative for the Estate;  and
III.  Extending discovery for 120 days after the entry of  a new counsel .

In support thereof, we represent the following:

1.    The undersigned have consulted with  Assistant Attorney General Ronald William Gill, counsel for the District of Columbia.  He

consents to the granting of this motion

2.    That we are counsel for plaintiff,  James Clark, Jr.  personal representative of the estate of Lenard Clark a/k/a Leon Clark, in the above-entitled and numbered action.

3.    A complaint suing the District  of Columbia for Lenard Clark's wrongful death was field in the Superior Court.

4.    Contemporaneous with the filing of this lawsuit, an estate was set up in the Superior Court of the District of Columbia.  Its only asset was a potential recovery against the District of Columbia in this lawsuit.

5.    James Clark, Jr., the decedent's father and  only heir,  was appointed as the personal representative of the estate.   At the time James Clerk, Jr. was 89.

6.    Notices of James Clark, Jr.'s appointment were published.

7.    Mr. Clark suffers from dementia, which gets progressively worse.

8.    As a result of his dementia, James Clark, Jr. did not sign a certification that the notices had been published.

9.    Counsel is advised that one of his sons, Edward has been given a power of attorney to manage James Clark, Jr.'s  affairs.

10.    Though the publications occurred, the Superior Court Probate
       Judge ordered a hearing to determine why the certification had not
       been made.

11.    Two of James Clark, Jr.'s  son, James Clark, III and Edward Clark
       appeared before Judge Burgess in Superior Court and challenged
       the appointment saying the signature was not made by their
       Father, James Clark, Jr.

12.    On December 17, 2007, Judge Burgess held the appointment to be
       null and void.  In effect, he held that no estate had been opened and
       that you had to start all over again.

13.    Counsel has been advised that a new estate would be opened and
       the family wanted to do so on their own without the assistance of
       counsel.

14.    To date, despite urging from the undersigned,  another estate for
       Lenard Clark a/k/a Leon Clark has not been opened.

15.    As a result, the undersigned has no power to respond to discovery,
       obtain experts, or make decisions regarding how the lawsuit is to
       proceed.

16.    Effectively,  we are in he middle of a lawsuit without a client to
       represent.

17.    The plaintiff has made it unreasonably difficult to represent it.

18.    No trial date has been set. No motions are pending.

19.    The granting of this  motion will not unduly inconvenience any
       party.

20.    The granting of this motion will not unduly delay these
       proceedings.

21.    Pursuant to LCvR 83.6, the plaintiff and his three sons have been
       provided a copy of this motion and advised to obtain other counsel,
       or, if they  intend to conduct the case *pro se* or if you object to our
       withdrawal, they must to so notify the Clerk of the United States
       District Court for the District of Columbia in writing within five
       days of service of the motion.

22.    Pursuant to paragraph 2(a) of the scheduling order,  we advise the
       court that no previous extensions of time have been granted to
       either party.

23.    Pursuant to paragraph 2(b) of the scheduling order,  we advise the
       court that the grounds for the motion to extend discovery is
       outlined above in paragraphs 12-17.  Plaintiff has been unable to
       conduct discovery because the then personal representative of  the
       estate suffers from dementia.

24.   Pursuant to paragraph 2(c) of the scheduling order, we advise the court that the granting of this motion will not affect deadlines set by the court in that the date for the filing of dispositive motions is to be set a t status.

25.   The granting of this motion would require continuing the mediation date now set before Judge Kay.

26.   Pursuant to paragraph 2(e) of the scheduling order, we advise the court that the District of Columbia consents to the granting of this motion.

### Legal Standard for a Motion to Withdraw

As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of his client. *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987) (citations omitted). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citing *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir.1994) and *Washington v. Sherwin Real Estate, Inc.* 694 F.2d 1081, 1087 (7th Cir. 1982)).

When ruling on a motion to withdraw, courts may consider the disruptive impact that the withdrawal will have on the prosecution of the

case. *Whiting*, 187 F.3d at 320: *Brown v. Nat'l Survival Games*, 1994 U.S.

Dist. LEXIS 16572, at *9-10 (N.D.N.Y. Nov. 18, 1994) (citing *Goldsmith v.*

*Pyramid Commen's, Inc.* 362 F. Supp. 694, 696 (S.D.N.Y. 1973)).

Additionally, **Local Civil Rule 83.6(d)** guides the court's ruling on an

attorney's motion to withdraw. **LCvR 83.6(d)**. The rule provides that "[t]he

court may deny an attorney's motion for leave to withdraw if the withdrawal

would unduly delay trial of the case, or be unfairly prejudicial to any party,

or otherwise not be in the interests of justice." *Id.* In reaching its ruling, the

court also may consider factors such as the length of time the case and

dispositive motions have been pending, the time it would take for the

unrepresented party to search for and secure new legal representation, and

the degree of financial burden that counsel would suffer if the court required

him to remain in the case. *Barton v. District of Columbia*, 209 F.R.D. 274,

277-78 (D.D.C. 2002).

### The Motion to Withdraw Should Be Granted.

Because the defendants have consented to the withdrawal, the court

need not consider potential prejudice to the defendants.  Nor would

withdraw prejudice the plaintiff.

Accordingly, we request the Court enter an order allowing us to

withdraw.

**A Brief Stay To Allow The Opening of A New Estate And To Retain
New Counsel Would Not Prejudice Either Party And Would Expedite
Later Proceedings**

We also request the Court enter an order staying these proceedings for

30 days to allow the plaintiff to re-open an estate, obtain appointment of a

personal representative and obtain new counsel. the

**An Extension of the Discovery Deadline Is Necessary To Allow
Brief Stay To Allow A New Personal Representative With Advice From
New Counsel To Complete Discovery.**

Finally we request the court enter an order extending discovery 120

days after new counsel enters his/her appearance.   Without a personal

representative, plaintiff has been unable to engage in meaningful discovery.

The extension is necessary to allow a new personal representative and new

counsel to do so.

Respectfully submitted,

Ferris R. Bond, # 372607
Jane C. Norman # 384030
Bond & Norman PLLC
Mailing Address
Post Office Box 83699
Gaithersburg, Maryland 20883-3699
Telephone (301) 590-2727
Cell (202) 423-3859
Fax (202) 207-1041
Email Ferrisbond@aol.com
Counsel for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CLARK, JR., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-985 (CKK) |
| | ) |
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Upon consideration of the consent motion of Ferris R. Bond
and Jane C. Norman to withdraw as Counsel for the plaintiff, stay
proceedings for 45 days and extend the discovery deadline for 120
days, it is hereby adjudged ordered and decreed that. The motion to
withdraw is  granted. The motion to stay is granted. This matter is
stayed for a period of 45 days. The motion to extend discovery is
granted. Discovery will now end on July 7, 2008. Mediation is to
occur between July 7, 2008 and September 5, 2008

So ordered this _____ day of _____, 2008

_____
Colleen Kollar-Kotelly
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CLARK, JR., *et al.*, | ) |
| | ) |
| Plaintiffs. | ) |
| | ) Civil Action No. 07-985 (CKK) |
| v. | ) Next Court Event: |
| | ) Mediation 3/18/08 |
| THE DISTRICT OF COLUMBIA. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE PURSUANT TO LCvR 83.6

I HEREBY CERTIFY that on this 3rd day of March , 2008, copies of the motion

to withdraw as counsel by Ferris R. Bond  and Jane C. Norman   and served upon the

party a copy of the motion and a notice advising the party to obtain other counsel, or, if

the party intends to conduct the case *pro se* or to object to the withdrawal, to so notify

the Clerk in writing within five days of service of the motion were served upon the

plaintiff and potential replacements as personal representative via U.S Mail, First Class

Postage Prepaid addressed as follows:

James Clark, Jr.
3412 Greencastle Road
Burtonsville, Maryland 20866

James Clark III  -- 301-779-2699
3403 Webster Street
Brentwood, Maryland

Edward Clark – 202-345-8352
7012 Chadds Ford Drive
Brandywine, Maryland 20613

Daoud Nujahid 202-465-1769
5810 Pandora Avenue
Cincinnati, Ohio 45213:

Respectfully submitted,

Ferris R. Bond, # 372607
Bond & Norman PLLC
Mailing Address
Post Office Box 83699
Gaithersburg, Maryland 20883-3699
Telephone (301) 590-2727
Cell (202) 423-3859
Fax (202) 207-1041
Email Ferrisbond@aol.com
Counsel for the Plaintiff

2