UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES CLARK, JR.,<br>*Individually and as Personal Representative of the Estate of Leland Clark a/k/a Leon Clark*<br><br>    Plaintiff,<br><br>    v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>    Defendant. | Civil Action No. 07-985 (CKK) |

**ORDER OF APPOINTMENT OF COUNSEL
FOR THE LIMITED PURPOSE OF MEDIATION**
(July 2, 2008)

The Court has determined that counsel should be appointed on behalf of Plaintiffs Edward Clark and James Clark, in their capacities as Personal Representatives on behalf of the Estate of Leland Clark a/k/a Leon Clark, for the limited purpose of assisting in the resolution of this case through mediation.[1]  Accordingly, it is

**ORDERED** that the Clerk shall appoint counsel for Edward Clark and James Clark, in their capacities as Personal Representatives on behalf of the Estate of Leland Clark a/k/a Leon Clark, from the Civil Pro Bono Mediation Panel; and it is further

**ORDERED** that the appointment shall be subject to the provisions of the "Guidelines for Court-Appointed Mediation Counsel," which is attached to and is hereby incorporated by reference in this Order.

                                                                      /s/
                                                   COLLEEN KOLLAR-KOTELLY
                                                   United States District Judge

---

[1] Because James Clark has informed the Court that he has been undergoing certain medical treatments, Edward Clark should be appointed counsel's first point of contact.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUIDELINES FOR COURT-APPOINTED MEDIATION COUNSEL
IN FEE-PAID <u>PRO SE</u> CASES

Please observe these guidelines when serving as Court-appointed mediation counsel.

1. The party whom you have been appointed to represent has filed an action *pro se*. <u>You have been appointed for the limited purpose of representing the pro se party during the process of mediation</u>.

2. As appointed mediation counsel, you are under no duty to engage in discovery or motions practice. If, however, you find that the opposing party has not completed outstanding discovery to your client, and such discovery is necessary to proceed with mediation, you may advise the mediator of this fact and schedule the mediation session after the completion of such discovery.

3. Note that the order referring this case to mediation has already been entered. You should promptly meet with your client to discuss her/his goals and interests. A court-appointed mediator will contact you and counsel for the opposing party to schedule the exact time and place of the mediation session(s).

4. You should assist your client in deciding whether and on what terms to settle the case and assist the client in drafting and reviewing any necessary agreements and related court papers. The mediator will notify the Court's ADR staff of the outcome of mediation.

5. In the event that the mediation is not successful in resolving the case, your appointment will expire unless, at your option and with the agreement of the <u>pro se</u> party, you decide to enter your appearance as counsel of record and proceed further.

6. Local Civil Rule 83.11(b)(9) provides for attorneys fees under certain circumstances, if agreed upon by counsel and client. Any such agreement must be in writing. Any arrangement agreed to by the parties must be approved by the Court.